IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELVIN SMITH,                              )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )     CIVIL ACTION NO. 2:16-CV-919-ALB
                                           )                    [WO]
WARDEN WALTER MYERS, *et al.*,             )
                                           )
    Defendants.                        )

## RECOMMENDATION OF THE MAGISTRATE

Plaintiff Melvin Smith ["Smith"] brings this 42 U.S.C. §1983 action against Commissioner Jefferson Dunn, Warden Walter Myers, Captain Lawson, and Director of Nursing Kay Wilson. Smith alleges Defendants violated his constitutional rights stemming from their failure to provide him with copies of his medical and mental health records for release to the Veteran's Administration ["VA"] to substantiate a claim for disability benefits. Smith seeks damages and injunctive relief.[1]  Doc. 6.

Defendants filed answers, special reports, and supporting evidentiary materials addressing Smith's claims for relief. Docs. 12, 13, 22. Upon receipt of Defendants' special reports, the court entered an order which provided Smith an opportunity to file a response to Defendants' reports. Doc. 23. This order advised Smith his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 30 at 1–2. The order further cautioned Smith that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special reports and

---

[1] In accordance with the prior orders and proceedings in this matter, this action is before the court on Smith's amended complaint. *See* Docs. 5, 6.

any supporting evidentiary materials as motions for summary judgment and (2) after considering any response as allowed by this order, rule on the motions . . . in accordance with law." Doc. 23 at 2. Smith responded to Defendants' reports, *see* Doc. 24, but his response does not demonstrate there is any genuine issue of material fact. The court will treat Defendants' special reports as motions for summary judgment, and concludes these motions are due to be resolved in favor of Defendants.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc*., 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Smith to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at

324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014).  A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007). The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986); Fed. R. Civ. P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . ." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant, materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248.

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also United States v. Stein*, 881 F3d 853 (11th Cir. 2018) (holding that a plaintiff's self-serving and uncorroborated, but not

conclusory, statements in an affidavit or deposition may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"). "Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (holding that conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the non- moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Smith's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## II.  THE COMPLAINT

Smith alleges that beginning in the winter of 2014 through the filing of this action on November 28, 2016, he submitted numerous requests to  Defendants seeking copies of his medical and mental health records to provide the VA with information to determine his qualification for veteran's benefits. Smith complains Defendants continuously denied his requests. As an alternative to obtaining a copy of his medical records, Smith asked that Defendants allow a VA representative

to conduct a compensation and pension exam of him at the prison infirmary but contends Defendants also ignored that request. Defendants' conduct, Smith claims, deprived him and his family of the opportunity to receive veteran's benefits which he states he is entitled to receive. Smith seeks an order directing Defendants to release his records to the Department of Veteran's Affairs and allowing the VA to conduct a compensation and pension exam at the prison or transport him to the nearest VA hospital for examination and requests an award of compensatory and punitive damages for Defendants' violations of his constitutional rights. Doc. 6.

### III.  DISCUSSION

**A.    Absolute Immunity**

To the extent Smith seeks monetary damages from Defendants in their official capacities, they are entitled to absolute immunity.  Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted).  Thus, a state official may not be sued in his official capacity unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or

equity." Ala. Const. Art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).

In light of the foregoing, Defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacity.  *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity).

## B.    Injunctive Relief

Smith requests injunctive relief against Defendants for the alleged violations of his constitutional rights. However, Smith is no longer incarcerated.[2]  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (finding past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real

---

[2] During the pendency of this action, the court determined that  Smith was released from custody. Specifically,  a  search of the inmate database maintained by the Alabama Department of Corrections (*available at http://doc.state.al.us/InmateSearch*) reflected that Smith was no longer incarcerated within the state prison system. Accordingly, the court entered an order on August 6, 2019, directing Smith to show cause why his case should not be dismissed for his failure to keep the court apprised of his current address. *See* Doc. 29. Although Smith did not respond to that order, he responded to a similar order entered in another case he filed in this court in which he provided the court with his present address. *See Smith v. Bryant*, Civil Action No. 16-cv-908-WKW (M.D. Ala. 2019) (Doc. 36).  *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (noting a  court may take judicial notice of its own records and the records of other federal courts)..

and immediate threat of repeated injury).  As it is clear from the pleadings and records before the court that Smith is no longer incarcerated, his request for equitable relief is moot.

**C.      The Section 1983 Claim**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants deny the allegations in Smith's amended complaint and assert they did not violate his constitutional rights. Defendants maintain they do not approve or disapprove inmate requests for access to their medical records, they never received a request from Smith about a release of his medical records, or they lack authority to release medical records to an inmate absent authorization from a warden, a legal department, a subpoena, or court order. Doc. 13-1, Doc. 22-1, Doc. 22-2, Doc. 22-3. In his sworn affidavits, Smith contends he submitted numerous requests to Defendants seeking copies of his medical and mental health records for submission to the VA to substantiate his request for disability benefits. Docs. 24-7, 24,-8, 24-9, 24-10. He argues, however, that Defendants refused to allow him either access to or receipt of his medical and mental health records which amounted to an abuse of discretion and an injustice. Doc. 24. Smith asserts the injustice he suffered was an inability, without the requested records, to substantiate a claim for

7

VA benefits. Doc. 24. Smith does not, however, identify any constitutional right Defendants allegedly violated because of the conduct about which he complains. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (finding that for a plaintiff to state a § 1983 claim, he must show a violation of a constitutional or federal right).

Liberally construing Smith's amended complaint to assert a violation of his Fourteenth Amendment due process rights, the claim fails because he has alleged no protected property interest regarding access to obtaining his prison medical records in general or for the stated purposed of providing them to the VA to  support his claim for benefits. The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. Thus, to succeed on a due process claim, Smith must show he has an interest to which due process attaches. *See Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir. 2006) (internal quotation marks and citations omitted) (holding that "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."); *see generally Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Smith's Fourteenth Amendment claim fails because he has not demonstrated that he has a protected property interest in his prison medical records. While inmates have a constitutional right of access to adequate medical care, *see Estelle v. Gamble,* 429 U.S. 97, 104–105 (1976), they have  no concomitant constitutionally protected  right of review, or access to, their prison medical or mental health records. Other courts to address this issue have determined that inmates have no interest protected by the Fourteenth Amendment regarding access to their inmate medical records.

8

*See Gotkin v. Miller*, 514 F.2d 125, 129 (2d Cir. 1975) (holding that the Fourteenth Amendment does not create "a constitutionally protected, unrestricted property right directly to inspect and copy [one's own] hospital records"); *Brannon v. Thomas County Jail*, 2007 WL 1701815, at *10 (M.D. Ga. June 7, 2007) (finding "[t]here is no *per se* 'constitutional right' to have a jail or prison facility provide a prisoner with a copy of his medical records."), *aff'd* 280 F. App'x 930 (11th Cir. 2008); *Ramirez v. Delcore*, 2007 WL 2142293, at *7 (S.D. Tex. July 25, 2007), (finding "Defendants' failure to produce [inmate's] medical records, while frustrating, does not pose the type of atypical hardship that raises due process protections"), *aff'd* 267 F. App'x 335 (5th Cir. 2008); *Dunn v. Corrections Corp. of America*, 2010 WL 2817264, at * 3 (S.D. Ga. June 15, 2010) (finding a prisoner does not have a general constitutional right to access his medical records); *Martikean v. United States*, 2012 WL 1986919, at *4 (N.D. Tex. Apr. 6, 2012) (emphasis in original) (finding "there is no *constitutional* requirement that an inmate be given the right to review or obtain his prison medical records"); *Osborne v. City of Marietta*, 2009 WL 10690033, at *3 (N.D. Ga. Apr. 10, 2009) (finding "individuals do not have a constitutionally protected property interest in their medical records maintained by health care providers"); *Cannon v. Mason*, 2009 WL 588581, at *3 (E.D. Okla. Mar. 6, 2009) (finding inmate had no constitutional right to review his medical records); *Head v. Bailly*, 2019 WL 1779340, at *3 (D. N.M. Apr. 23, 2019) (finding that denying inmate access to review of his medical records did not constitute a due process violation).

Based on the foregoing, there is no due process claim available to Smith based on Defendants' alleged failure to provide him with access to or copies of his prison medical or mental health records for the purpose of substantiating a claim for benefits with the VA. Accordingly, the court finds Defendants are entitled to summary judgment on Smith's claim they impermissibly

failed to provide him with copies of, or access to, his medical records as he has not demonstrated infringement of any constitutional right to which he is entitled regarding the challenged conduct.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (Docs. 13, 22 ) be GRANTED;

2. This case be DISMISSED with prejudice;

3. Judgment be ENTERED in favor of Defendants;

4. Cost be TAXED against Plaintiff.

It is further

ORDERED that **on or before January 15, 2020**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of December 2019.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE